## Abele Estate.

Argued November 16, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Otis W. Erisman,* with him *Frank F. Truscott,* and *Truscott, Kline, O'Neill & Howson,* for appellants.

*C. Leo Sutton,* with him *William J. Henrich, Jr.,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellants.

*Julian Abele Cook, Jr.,* with him *Hardy Williams,* for appellees.

OPINION PER CURIAM, January 5, 1965:

The controlling issue is whether the testamentary trust provision here in question mandates per capita or per stirpes distribution of corpus among testator's nieces and nephews and the issue of deceased nephews and nieces.

The pertinent provision of the will provides: "FOURTH: . . . And upon the death of the survivor of my said brothers and sisters to transfer, assign and pay over the principal of my said residuary estate unto such of the children and issue of deceased children of my said brothers and sisters as may be living at the time fixed for the said distribution, equally, absolutely, per stirpes."

The Orphans' Court of Philadelphia County, in a sound and comprehensive adjudication, determined that testator directed the distribution of principal per capita among the indicated nephews and nieces living

at the termination of the trust, and that testator directed per stirpes distribution to the issue of deceased nephews and nieces.

We have carefully reviewed the record and the governing authorities and we are entirely satisfied that the court below correctly adjudicated the issues presented. We also share that court's view that the present controversy is governed by the principles of *England Estate*, 414 Pa. 115, 200 A. 2d 897 (1964).

The unanimous determination of the six judges of the Orphans' Court of Philadelphia County is affirmed.

Decree affirmed. Each party to pay own costs.